Affirmed and Memorandum Opinion filed July 14, 2005









Affirmed and Memorandum Opinion filed July 14, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01371-CR

____________

 

JOHNNY GREEN II, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 942,335

 



 

M E M O R A N D U M   O P I N I O N

Following a jury trial, appellant Johnny
Green II was found guilty of aggravated armed robbery.[1]  The jury assessed punishment at ten years in
the Texas Department of Criminal Justice, Institutional Division, and the trial
court sentenced him accordingly.  In a
single issue, he argues the evidence is factually insufficient to support his
identity as the person who committed the offense.  We affirm.








I.  Factual and Procedural Background

On February 6, 2003, after Alfred Branch
left a local smoke shop, he entered his pick-up truck and placed the keys in
the ignition.  Before Branch could start
the engine, a man holding a chrome revolver appeared next to the truck.  The man opened Branch=s truck door, put
the gun to Branch=s head, and ordered him to Ascoot over.@  The man then sat in the truck.  Branch tried to crawl out of the passenger
side of the truck, but the man, still holding the gun to Branch=s head, began to
pull him back inside.  Another man came
to the passenger side of the truck and tried to Adrag@ Branch into the
truck.  Branch struggled with the two men
and fell, head first, from the truck.

Jack Abbott, Eduardo Longoria, and two
other men, were on their way to lunch together when they decided to stop at the
smoke shop.  Abbott and Longoria observed
a man fall head first from a truck parked nearby.  Trained in CPR and believing Branch was having
a heart attack, Abbott went to Branch=s aid.  Abbott approached Branch=s truck and
observed a man seated in the driver=s set.  The man exited the truck and walked toward
the rear.  On seeing Abbott, the man
jumped back into the truck.

Abbott approached the passenger side of
the truck and saw a man holding a gun and pulling Branch.  Abbott looked Aeye to eye@ at the man, whom
he later identified as appellant.  Abbott
ran into the smoke shop and yelled for someone to call the police.

Both Branch and Longoria observed a black
Honda in the smoke shop parking lot.[2]  The two men in Branch=s truck drove out
of the parking lot, and the black Honda followed.  The men in the truck had the keys to Branch=s house and
security gate, as well as the keys to his truck.








Branch=s housekeeper,
Ruth Petty, was cleaning Branch=s house when she
heard the security gate open.  Petty
looked outside and saw a man, later identified as Charles Taplin, fumbling and
trying to open the door with a set of keys. 
Taplin then rang the doorbell, but Petty refused to open the front door
and asked Taplin who he was and what he wanted. 
Taplin told her Branch sent him to the house.  Petty, however, knew something was wrong
because Branch would never give his keys to anyone.  Taplin kicked the front door with his foot,
and it flew open, striking Petty in the face. 
He then hit her in the face with the butt of a pistol and subsequently
ordered Petty to lie on the ground. 
Taplin hollered at someone to Ahurry up,@ and a second
person entered the house as Petty lay on the floor, face down.  Petty did not have a chance to look at the
face of the second person.  After looting
the house, the two men left.

On February 7, 2003, appellant reported
his car, a black Honda, had been stolen the previous day, but that he
subsequently found it.  He explained to
the police that he had been the victim of an armed robbery, but did not want to
file an incident report or have the police look for the perpetrators.  The officer to whom appellant reported the
robbery found appellant=s story Astrange.@  Detective Dwayne Henderson, who was
investigating the robbery in the smoke shop parking lot, believed appellant was
involved in that robbery and tried to contact him, but appellant refused to meet
with the police.

A little over a month after the robbery,
Henderson compiled a photographic spread containing appellant=s photograph and
presented the spread to Abbott.  Abbott
positively identified appellant.  Petty
was unable to identify appellant in a photographic spread, but identified
Taplin as one of the robbers at Branch=s house.  Longoria was also shown a photographic spread
but was unable to identify anyone. 
Henderson learned that Taplin and appellant were known associates who
referred to each other as cousins.

II. 
Discussion








In a single issue, appellant contends the
evidence is factually insufficient to support his conviction for aggravated
robbery.  He does not challenge the
sufficiency of the evidence establishing each of  the elements of the charged offense; he
challenges only the evidence establishing he was the person who committed the
offense.

The State must prove beyond a reasonable
doubt the accused is the person who committed the crime charged.  Johnson v. State, 673 S.W.2d 190, 196
(Tex. Crim. App. 1984); Smith v. State, 56 S.W.3d 739, 744 (Tex. App.CHouston [14th Dist
.] 2001, pet. ref=d). 
In reviewing evidence for factual sufficiency, we view the evidence
neutrally, setting aside the verdict only if (1) the evidence supporting the
verdict, if taken alone, is too weak to sustain the finding of guilt beyond a
reasonable doubt; or (2) the contrary evidence is so strong that the State
could not have met its burden of proof beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim.
App. 2004).  In our evaluation of the
evidence, we must be deferential to the jury=s findings and
resist intruding on the jury=s role as the sole
judge of the witnesses= credibility and the weight to be given
evidence.  Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000).  Our
standards of review remain the same whether the evidence is direct or
circumstantial.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

The following evidence supports the finding appellant
committed the offense: (1) Abbott=s positive identification of
appellant, in a photographic spread and in court, as the man he observed
struggling with Branch at the truck; (2) Abbott=s statement  he looked at appellant Aeye to eye@ during the incident; (3) the fact
the persons leaving in Branch=s truck had the keys to Branch=s house and security gate; (4) the
involvement of Taplin and a second individual in the ransacking of Branch=s house shortly after the robbery at
the smoke shop; (5) Taplin=s and appellant=s relationship and known association;
and (6) the presence of a black Honda at the smoke shop coupled with the Astrange@ nature of appellant=s report of the theft and recovery of
his black Honda.








Despite this evidence, appellant contends the inability of
three eyewitnessesCBranch, Longoria, and PettyCto identify him renders the evidence
factually insufficient.  The State,
however, presented evidence explaining why these three witnesses could not
identify appellant.  Branch explained it
happened so quickly, and when the gun was put to his head, he could not look at
appellant.  Longoria did not have a good
view of the people in Branch=s truck because Longoria was in Abbott=s truck and was trying to get the
license plate number from Branch=s truck.  Petty was face down and saw only the legs of
the second person in Branch=s house.  It was for
the jury to judge the credibility of the witnesses and the strength of the
evidence.  See Herrero v. State,
124 S.W.3d 827, 832 (Tex. App.CHouston [14th Dist.] 2003, no pet.).

Appellant additionally relies on Ward v. State, 48
S.W.3d 383 (Tex. App.CWaco 2001, pet. ref=d). 
In Ward, the court of appeals reversed on the grounds of factual
insufficiency when three eyewitnesses identified Ward as the robber, but a
fourth eyewitness identified someone else. 
Id. at 384B85.  Ward,
however, is distinguishable.  Not only
were the photographic lineup procedures in Ward suspect, there was
considerable evidence contrary to guilt. 
Id. at 391.  The Waco court
summarized that evidence as follows:

The State never effectively challenged Ward=s alibi defense, which consisted not only of three
witnesses who placed him at work at the time of the robbery, but also of documentary
evidence, his machine-stamped time card, which also placed him at work during
the robbery, and on which were stamped times which corresponded to the times
given by co-workers about when they spoke to Ward at work. This evidence cannot
simply be ignored. In addition, there was a plausible alternate suspect, Lewis,
whom the police never interviewed, even though an eyewitness specifically
identified him as the robber.

 

Id.  No similar evidence exists in the present
case.

The evidence supporting the verdict in the present case,
taken alone, is not too weak to sustain the finding of guilt beyond a
reasonable doubt.  See Zuniga, 144
S.W.3d at 484.  Neither is there contrary
evidence so strong the State did not meet its burden of proof beyond a
reasonable doubt.  See id. at 485.

The evidence is factually sufficient to support the
verdict.  Accordingly, we overrule
appellant=s sole issue.








III.  Conclusion

Having overruled appellant=s sole issue, we affirm the judgment
of the trial court.

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed July 14, 2005.

Panel
consists of Justices Edelman, and Seymore, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  See Tex. Pen. Code Ann. '' 29.02, 29.03 (Vernon 2003).





[2]  Abbott
observed a black car, but did not identify its make.